MILDRED B. CALLAHAN, Plaintiff, *v.* FRANCES B. MOONEY et al., Defendants.

Supreme Court, Special Term, Richmond County, April 22, 1947.

*Atkins, Demetri & Rothaus* for defendant.

*Ferdinand A. Sieghardt* for plaintiff.

F. E. JOHNSON, J. Defendant Mooney moves (Rules Civ. Prac., rules 106, 107) to dismiss the complaint; plaintiff has alleged three causes of action, each of which has the common

factor that a written designation, executed by her deceased husband, of defendant Mooney as beneficiary under a retirement system option, is said to be not the free act of the deceased and should be set aside. The first cause charges the procurement thereof by reason of his enfeebled mind; the second that it was by the defendant's fraud and coercion; the third that it was by threats, inducing fear.

The defendant's law point is that the plaintiff cannot sue individually and that any action of this nature must be brought by the administrator of the husband's estate. The city retirement system, a defendant not cited on this motion, appeared but did not take a position on the motion.

A city employee who elects to retire at a time when he is entitled to retirement benefits is not compelled to make any election as to the disposition of the fund on hand; if he does not do so the rules determine the amount due him and it will be payable to his estate and disbursed to next of kin and creditors.

Plaintiff's theory is that the mental and physical condition of deceased at the time the designation was executed made it void; he was, therefore, in the position of never having made any election and the record should be changed by striking out this writing because of the circumstances under which it was executed; when that is done, the record situation will be the same as if he had never executed any paper except the application to retire and she, as widow, will benefit *as a matter of law*.

What is the position of the widow under those circumstances? She and their children would, of course, be the distributees of his estate thereafter; in *form* the payment would be made to the estate so that creditors might be duly cited and foreclosed before distribution was made to the next of kin. Pending that procedure it would seem that each of the next of kin had some defeasible interest in the fund eventually to be distributed. If so, the allegedly fraudulent acts of the defendant had the prima facie effect of depriving each of them of such interest; an action by each ought to be maintainable to invalidate the fraudulent acts that thus destroyed their interest.

The defendant's objection is sound that one who sues in his own name must show *injury to himself,* or *interest* in the subject matter. Here it seems apparent that if this writing (which is to be deemed fraudulently procured for the purposes of this motion) did not exist the plaintiff widow would, *by law,* share in the distribution of the money by the administrator.

There is no hint in the complaint that there are creditors; the plaintiff sues for the entire amount, thus negativing any suggestion that other claims against it exist.

In the absence of a designation the accumulations in the retirement fund become assets of the *estate* of the deceased, collectible by the *administrator* and disbursable *by him* to the next of kin, subject to administration expenses, debts, etc. Nothing in this complaint warrants the inference that *no part* of this principal will, in the event of the invalidation of that designation, be payable to the plaintiff widow; there is no presumption of law that one dies in debt, and there is a positive *statutory* right in the widow to have a *share* in the net assets of the deceased. The widow therefore is quite differently situated from one who has not the legal status which *entitles her to certainly share in the estate.*

One whose only right to share depended altogether on the favorable whim of the deceased would be in a different position. Here no one but creditors could diminish the amount *legally* due the widow of a husband dying intestate leaving no effective designation. She pleads that this is her situation and that this allegedly effective designation is invalid; thereupon, *prima facie and presumptively,* all of the money will go to her (via the administrator) by operation of law.

Under those circumstances it seems that she has a legal personal interest that has been damaged by the allegedly fraudulent act of the moving defendant who is alleged to have procured, by fraudulent means, the execution of a designation of herself as beneficiary, obviously to the legal and actual detriment and damage of the widow.

All of the cases cited by the defendant are applicable wherever a plaintiff has no personal legal right, or property interest, or other right or interest that has been damaged by the act of the defendant, but since a complaint must be read at its best, the assumption must be that the paper was fraudulently procured; that being so, it should be invalidated at the suit of one damaged thereby, whereupon, *as a matter of law,* the widow has a first claim upon the money when it gets into the hands of the administrator. She alleges that she is the assignee of the rights of the other. next of kin who would benefit and, in the absence of an allegation that there are creditors, the normal contrary presumption must prevail; therefore it seems that her legal rights *have* been damaged by the tortious acts of the defendant whose fraud was aimed at depriving her of her *statutory rights.*

These conclusions seem supported by the principles applied

in the cases cited in Corpus Juris (Vol. 37, Life Insurance, § 389, p. 604) and Corpus Juris (Vol. 9, Cancellation of Instruments, p. 1225 *et seq.*).

The plaintiff's prayer for judgment is too broad, since she cannot collect *in this action,* but it may be ignored since a complaint is not to be thus tested. The motion to dismiss is denied.

The defendant's additional application that the complaint be made more definite and certain is denied; the criticisms of the complaint are not such as should be met by pleading *evidence* to meet them; the desired information must be obtained by a bill of particulars. Settle order on notice.